Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
SERGIO PORTILLO,                                         )                  No. 08-03-00478-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  384th District Court
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20020D02632)

O P I N I O N

            Sergio Portillo appeals his conviction of injury to a child. A jury found Appellant guilty, and
the trial court assessed punishment at imprisonment for two years, but suspended the sentence and
placed Appellant on community supervision for two years. Finding the evidence sufficient, we
affirm.
FACTUAL SUMMARY
            Angelica Mota lives with her parents, Jose Luis Mota and Anita Mota. On September 18,
2001, Jose Luis Mota discovered that someone had dumped grease on his fence and in his yard. Jose
spoke with the neighbors next door who recently had a cookout and asked them who had dumped
the grease in his yard. The neighbors replied that Appellant had done it. Consequently, Jose and
thirteen-year-old Angelica walked over to Appellant’s residence to talk with him. When Appellant
denied dumping the grease and refused to clean it up, Jose told him that he was going to call the
police. Appellant became aggressive towards Jose and Angelica stepped between them. Angelica
felt it necessary to protect her father because he is disabled as the result of polio and an accident, and
was significantly smaller than Appellant. Appellant shoved Angelica by striking her in the chest
with his hands. She fell backwards and her father caught her. Jose and Angelica returned home and
Anita observed that Jose was upset and Angelica was crying. Anita called the police. Before the
police arrived, Appellant came over to the house and attempted to clean up the grease, but Anita 
made him leave. Angelica and Jose told the police what had happened, including the fact that
Appellant shoved Angelica. When the police asked Angelica whether she was in pain, she told them
that she was not. The police did not arrest Appellant. 
            Shortly after the police left, Angelica’s chest began to hurt and she had trouble breathing. 
Her parents took her to an emergency room. The medical records from that visit were admitted into
evidence and reflect that Angelica reported that an adult had pushed her and she was having chest
pain. The emergency room doctors determined that she had a bruise to her chest wall. In the days
and weeks after this incident, Appellant would stop his truck when he saw Angelica and stare or
laugh at her. Angelica was frightened because of Appellant’s behavior and her parents took her to
the doctor for anxiety attacks. Appellant eventually moved out of the neighborhood. The police
later contacted the Motas and asked Angelica to give a written statement about the assault. She
spoke with detectives and provided a written statement on October 22, 2001. 
            Appellant testified at trial that he did not dump the grease on Jose’s property. When Jose and
Angelica came to his house and accused him, Jose was extremely angry and demanded that he clean
up the mess. Appellant turned his back to go inside and Jose screamed that he would call the police. 
Appellant turned around to face Jose and Angelica became scared and hugged her father. Jose
pushed her away and told Appellant that he was not afraid of him. Appellant turned around and went
inside of the house. He denied hitting or pushing Angelica or trying to intimidate her. When the
police arrived later, they told Appellant that Jose was mad about the grease. They did not mention
that the Motas were accusing him of striking Angelica. He was arrested for injury to a child on
October 31, 2001. 
SUFFICIENCY OF THE EVIDENCE
            In his sole point of error, Appellant complains that the trial court erred by denying his motion
for directed verdict, and therefore, the evidence is legally insufficient. He also argues that the
evidence is factually insufficient to support his conviction. 
Legal Sufficiency Argument

            The State first responds that Appellant has waived his legal sufficiency argument by failing
to brief it. Rule 38.1(e) of the Rules of Appellate Procedure requires an appellant’s brief to state
concisely all issues or points presented for review. Tex.R.App.P. 38.1(e). Although Rule 38.1 (e)
requires us to treat the statement of an issue or point as covering every subsidiary question that is
fairly included, Rule 38.1(h) nevertheless requires an appellant to make a clear and concise argument
for the contentions made with appropriate citations to authorities. Tex.R.App.P. 38.1(h). The
requirement that a brief contain an adequate argument applies to sufficiency complaints. See McDuff
v. State, 939 S.W.2d 607, 613 (Tex.Crim.App. 1997)(holding that a factual sufficiency claim that
merely includes a general discussion of the evidence but fails to include any argument as to how or
why the evidence is insufficient under a factual sufficiency standard is inadequately briefed). While
Appellant generally contends that the evidence is both legally and factually insufficient, he only
briefs the factual sufficiency argument. He does not state the legal sufficiency standard of review,
nor does he discuss the evidence in terms of that standard. Instead, his argument focuses on the
conflicting evidence and the credibility of the complainant, matters which relate solely to his factual
sufficiency argument. Because Appellant has failed to provide any relevant citations to authority or
argument regarding why the evidence is legally insufficient, we find that he has waived the
contention.
Factual Sufficiency Argument
            In reviewing the factual sufficiency of the evidence to support a conviction, we are to view
all the evidence in a neutral light, favoring neither party. Johnson v. State, 23 S.W.3d 1, 7
(Tex.Crim.App. 2000); Clewis v. State, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996). Evidence is
factually insufficient if it is so weak that it would be clearly wrong and manifestly unjust to allow
the verdict to stand, or the finding of guilt is against the great weight and preponderance of the
available evidence. Johnson, 23 S.W.3d at 11. Therefore, the question we must consider in
conducting a factual sufficiency review is whether a neutral review of all the evidence, both for and
against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the fact finder’s determination, or the proof of guilt, although adequate if taken alone,
is greatly outweighed by contrary proof. See id. In performing this review, we are to give due
deference to the fact finder's determinations. See id. at 8-9; Clewis, 922 S.W.2d at 136. The fact
finder is the judge of the credibility of the witnesses and may “believe all, some, or none of the
testimony.” Chambers v. State, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991). Consequently, we may
find the evidence factually insufficient only where necessary to prevent a manifest injustice from
occurring. See Johnson, 23 S.W.3d at 9, 12; Cain v. State, 958 S.W.2d 404, 407 (Tex.Crim.App.
1997).
            The indictment alleged that Appellant committed injury to a child by intentionally or
knowingly striking Angelica with his hand and causing bodily injury. See Tex.Penal Code Ann.
§22.04(a)(3)(Vernon 2003)(a person commits injury to a child if he intentionally, knowingly,
recklessly, or with criminal negligence, by an act causes bodily injury to a child). Appellant
concedes that both explanations for Angelica’s injury is reasonable but he argues that his explanation
of Angelica’s injury is more reasonable and consistent with the evidence because he was not arrested
on the evening of the incident, the police did not question him about an assault, and no photos were
taken of the injury. It is the function of the jury, not the appellate court, to accept or reject
reasonably equal competing theories of causation. Goodman v. State, 66 S.W.3d 283, 287
(Tex.Crim.App. 2001). The mere existence of alternative theories of causation and explanations for
a child’s injuries does not render the evidence factually insufficient and does not amount to contrary
evidence greatly outweighing evidence in support of verdict. Goodman, 66 S.W.3d at 287. The jury
was required to choose between two conflicting versions of the incident, one which pointed to
Appellant’s guilt, and one which pointed to his innocence. That the jury chose not to believe
Appellant’s version of what occurred does not render the evidence factually insufficient. 
Accordingly, we overrule Appellant’s sole point of error. The judgment of the trial court is affirmed.
 
April 21, 2005                                                             
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)